NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JINLIN LING, Petitioner, v. LORETTA E. LYNCH, Attorney General, Respondent. | No. 13-74334 Agency No. A089-720-940 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 15, 2016**

Before:    GOODWIN, LEAVY, and CHRISTEN, Circuit Judges.

Jinlin Ling, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").   We have

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.   *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, including claims of due process violations, *Hernandez v. Mukasey*, 524 F.3d 1014, 1017 (9th Cir. 2008), and review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

We reject Ling's contentions that the IJ's violated his due process rights during his proceedings. *See Almaghzar v. Gonzales*, 457 F.3d 915, 921-22 (9th Cir. 2006); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to establish a due process claim).

Substantial evidence supports the agency's adverse credibility determination based on the Ling's inconsistent accounts as to the location of his business and residence in China, and based on his omission from his statement of significant incidents of harm he experienced in detention. *See Shrestha*, 590 F.3d at 1048 (adverse credibility determination supported under "the totality of circumstances"). The record does not support Ling's contention that he omitted incidents due to embarrassment. *See Carrillo-Gonzalez v. INS*, 353 F.3d 1077, 1079 (9th Cir. 2003) (claim was based solely on counsel's argument, which "does not constitute evidence"). Further, Ling's explanations do not compel the contrary result. *See Lata*, 204 F.3d at 1245. We reject Ling's contentions that his documentary

evidence overcomes his lack of credibility, *see Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (evidence did not rehabilitate testimony, or independently support petitioner's claim), and his contention that the BIA disregarded evidence. Thus, in the absence of credible testimony, Ling's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Ling's CAT claim also fails because it is based on the same testimony found not credible, and Ling does not point to any other evidence in the record that compels the conclusion it is more likely than not he would be tortured if returned to China. *See Almaghzar*, 457 F.3d at 922-23 (although reports confirmed torture occurred in petitioner's country, record did not compel the finding that petitioner would be tortured).

**PETITION FOR REVIEW DENIED.**